IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID SETTLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-00602-CV-W-BP |
| | ) |
| GENERAL ELECTRIC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on Plaintiff David Settles' Motion for Conditional Certification and Notification of All Putative Class Members. (Doc. 14.) Settles moves on behalf of himself and the putative class pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Court finds that for purposes of conditional certification, Settles has not established a colorable basis for his claim that the putative class members were the victims of a single decision, policy, or plan by Defendant General Electric ("GE") to engage in violations of the FLSA. Therefore, for the following reasons, the motion is denied.

**I. Class Certification under the FLSA**

The FLSA was enacted to eliminate unfair labor practices by barring "customs and contracts which allow an employer to claim all of an employee's time, while compensating him for only part of it." 29 U.S.C. § 201 *et seq.*; *Tenn. Coal Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602 (1944). Sections 206 and 207 of the FLSA require employers to pay employees a regular hourly rate for up to 40 hours a week and overtime compensation at a rate of

1

one-and-one-half times the regular rate for hours worked in excess of 40.  29 U.S.C. §§ 206, 207(a)(1).

The FLSA provides a private right of action to recover damages for violations of the Act's overtime provisions.  29 U.S.C. § 216(b).  The FLSA should be given a broad reading in favor of coverage, as it is a remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction." *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959).  Employers are liable for the amount of unpaid wages, plus an equal amount in liquidated damages, for violations of §§ 206 and 207.  29 U.S.C. § 216(b).

Settles and the putative class seek to collectively pursue their claims against GE pursuant to § 216(b), which provides that:

> An action to recover the liability prescribed in [§§ 206 or 207] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

A court may certify a case as a collective action only if members of the class are "similarly situated" or raise similar legal issues regarding coverage, exemption, or nonpayment of wages or benefits.  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 168-71 (1989).  Plaintiffs bear the burden of establishing that they are similarly situated to other members of the proposed class.  *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007).  *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005).  The FLSA does not define the term "similarly situated," so in order to determine whether plaintiffs are "similarly situated" for purposes of conditional certification, federal district courts use a variety of standards.  *Id*.  The Eighth Circuit has yet to articulate a standard for conditionally certifying FLSA cases.  However, a majority of the district courts in the Eighth Circuit use a two-step analysis.  *See, e.g.*,

2

*Kautsch v. Premier Commc'n*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007); *Chankin v. Tihen Commc'ns, Inc.*, No. 4:08CV196HEA, 2009 WL 775588 (E.D. Mo. Mar. 20, 2009); *McClean v. Health Systems, Inc.*, No. 11-CV-03037-DGK, 2011 WL 6153091, at *3 (W.D. Mo. Dec. 12, 2011).

At the first step of conditional certification (the "notice stage"), which occurs prior to the completion of discovery, plaintiffs may move for conditional certification of the class for notice purposes. *Davis*, 408 F. Supp. 2d at 815. For purposes of conditional certification, the Court applies a lenient evaluation standard. *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 362-63 (W.D. Mo. 2007) (citing *Grayson v. K Mart*, 79 F.3d 1086, 1096 (11th Cir. 1996) (this evaluation standard "is considerably less stringent than Rule 23(b)(3) class action standards.")).

At this early stage, "the plaintiffs need only establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." *Carden v. Scholastic Book Clubs, Inc.*, No. 2:10-CV-01112-NKL, 2011 WL 2680769, *2 (W.D. Mo. July 8, 2011) (citation omitted). A "colorable basis" is established with "something more than the mere averments" in the plaintiff's complaint. *Id.* Although credibility determinations and findings of fact are not appropriate at this stage, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08CV734CDP, 2009 WL 211943, *2 (E.D. Mo. Jan. 27, 2009) (citation omitted). Thus, although the standard is lenient, it is not invisible. *Adams v. Hy-Vee, Inc.*, No. 11-00449-CV-W-DW, 2012 U.S. Dist. LEXIS 98590, *10 (W.D. Mo. May 22, 2012). Unsupported assertions or those not based on personal knowledge will not show that the plaintiffs are similarly situated for conditional certification. *Adams*, 2012 U.S. Dist. LEXIS 98590 at *10-11.

If a court conditionally certifies a class, potential class members are sent notice and given an opportunity to "opt-in." *Id.* The second step of the conditional certification process occurs after discovery is complete and the parties and the court have full information. *Id.* At that point, the defendant may move to decertify the class. *Id.*

## II. Background and Arguments[1]

Settles filed the instant action GE alleging various violations of the FLSA. GE employed Settles as a service technician to repair GE appliances in Missouri and Kansas customer homes. GE's nationwide appliance repair work is performed within 96 geographic zones, which are assigned among 20 Consumer Service Managers ("CSM") for immediate supervision. Service technicians perform their work using GE-provided vans, and they receive a list of service calls each morning on GE-provided computers. Most service technicians also participate weekly in the DTT shipping program, whereby parts used for the repair work are shipped to their homes in plastic totes. (Pl.'s Reply Sugg., Doc. 22, p. 5; Def.'s Sugg. in Opp., Doc. 19, p. 7.) GE follows the same or similar compensation practices for its service technicians throughout the country, paying them as hourly employees who are non-exempt from the overtime protections of the FLSA.

In his motion for conditional certification, Settles argues that the Court should conditionally certify a nationwide class for the following bases: GE 1) discouraged its service technicians from recording overtime; 2) did not provide a timekeeping system to accurately record overtime such that hours related to the DTT program often went uncompensated; and 3)

---

[1]GE filed a Motion for Leave to File Excess Pages for its Suggestions in Opposition to Plaintiff's Motion, (Doc. 16), requesting 15 pages for a statement of facts in addition to 15 pages of legal argument. The Court granted GE's Motion, (Doc. 17.) However, it is clear that these additional pages were used largely to argue the merits of Settles' claims, despite precedent that such considerations are inappropriate at the conditional certification stage. *See, e.g.*, *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 364 (W.D. Mo. 2007); *Carden v. Scholastic Book Clubs, Inc.*, No. 2:10-CV-01112-NKL, 2011 WL 2680769, *2 (W.D. Mo. July 8, 2011). The Court expresses its disapproval of GE's tactics and warns that future such requests will require more than a showing of good faith.
4

did not compensate service technicians for maintaining their company vehicles or for repairing their company computers and software programs. Settles seeks a class definition of:

> Service technicians who were obligated to perform tasks included but not limited to: attending to customer service and/or repair calls, travel to and from such calls, preparatory duties such as loading and collecting inventory at the beginning of a work day; moving, unpacking and organizing inventory which was delivered to technicians' personal residences, and end of the day duties such as unloading and accounting for inventory, and disposing of unneeded and used packaging, and who have worked for Defendant at any time during the last three years.

In support of his motion for conditional certification, Settles provides his own declaration, a declaration from former service technician John Shepherd,[2] and a declaration from former dispatcher Debra Nollan-Donahue.

In his Reply, Settles adds another basis for conditional certification, the "nationwide practice of the 'Fast Start'" program. (Doc. 22, p. 6.) Settles argues that because under "Fast Start" GE did not pay service technicians for the morning commute unless the drive exceeded 45 minutes, the class should also be expanded to include technicians in involved in this program.

### a. Settles' claim that GE discouraged its service technicians from recording overtime

First, Settles alleges that GE gives service technicians more work than can be completed in a 40-hour week, and then discourages technicians from recording overtime. Service technicians are assigned eight to eleven jobs per day, usually between the hours of 8:00 a.m. and 4:30 p.m., and are expected to complete one job per hour, which does not include travel time between jobs. Settles explains that technicians regularly have to travel long distances between service calls, making it difficult to timely complete all of the calls. Further, GE sets a goal for its

---

[2] GE argues that this Court should disregard the declaration of John Shepherd because he worked for GE more than three years preceding the Court's ruling on conditional class certification. However, "[i]n the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action." *Redman v. U.S. W. Bus. Resources, Inc.*, 153 F.3d 691, 695 (8th Cir. 1998) (citing 29 U.S.C. § 256(b)). Declarant Shepherd joined this lawsuit by filing his Consent to Sue under the FLSA on September 13, 2012, (Doc. 13.) Thus, Shepherd commenced his action against GE within three years of the injury giving rise to his claims, and so his declaration is properly before the Court.

5

service technicians to generate revenue of approximately $750.00 per day from service calls. Settles claims that some types of service calls generate less revenue and therefore service technicians must frequently take calls beyond an eight-hour day in order to meet the $750.00-a-day goal. Settles alleges that service technicians often do not submit overtime so as to avoid a "deficit" with respect to the required number of calls to be compensated in an eight-hour day. Settles also states that technicians who have such a "deficit" face potential corrective action.

Although Settles provides affidavits in support of his position, he fails to provide evidence that any managers knew about or facilitated the illegal overtime practices of which he complains and, thus, fails to establish that the employees were victims of a single decision, policy or plan on the part of GE. For example, both Settles and Shepherd declare that they were discouraged from recording hours in excess of 40 hours a week and that they believe other service technicians generally had the same experience. (Settles Decl., Doc. 15-2, p. 3, ¶ 10; Shepherd Decl., Doc. 15-3, p. 3, ¶ 11.) However, neither provides any further detail as to who or what discouraged them from submitting overtime, or when, where, or how such instances occurred. Similarly, Nollan-Donahue declares that GE's "policies discouraged technicians from submitting or recording overtime" and that she believes "the company was aware of the fact that technicians did not record overtime." (Nollan-Donahue Decl., Doc. 15-4, p. 2, ¶ 6.) Nollan-Donahue further states that technicians often did not submit overtime to avoid a productivity deficit with respect to the number of required calls and the amount of revenue to be achieved in an eight-hour workday. However, she omits any detail as to which members of GE were aware overtime was not being recorded, or when and where such failure to record overtime occurred. Thus, none of the former employees provides specifics beyond the averments in the Complaint regarding GE's alleged discouragement of recording overtime.

6

As such, even considering Settles' and the Declarants' testimony that they and others did not record overtime, there is no evidence of which supervisors knew about such practices. Where there is no evidence, even contested, that managers failed to follow FLSA policies or affirmatively directed and approved alleged improper practices, nationwide conditional certification is inappropriate. *See Garner v. Regis Corp.*, No. 03-5037-CV-SW-SWH, 2004 WL 5455905, *2-*3 (W.D. Mo. Aug. 5, 2004); *Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08CV734CDP, 2009 WL 211943, *4 (E.D. Mo. Jan. 27, 2009).

In addition, GE states it delegated discretion to its CSMs in implementing productivity plans that set work and revenue goals for service technicians, as well as in reviewing and approving overtime. (*See* Performance Improvement Plan, Doc. 19-8, pp. 16-18). The written Performance Improvement Plan does not on its face encourage FLSA violations, so any violating behavior would necessarily result from the CSMs' individual interpretation and implementation of the plan. *See Garner*, 2004 WL 5455905 at *2. The fact each CSM had the discretion to evaluate the productivity of service technicians as well as to review and approve overtime is further evidence that no single company decision, policy, or plan to discourage reporting governed the putative class members.

Based on the foregoing, Settles has not established a colorable basis beyond the averments in his Complaint that the putative class members were the victims of a single decision, policy, or plan by GE to discourage recordation and compensation of overtime. Although the standard for conditional certification is lenient, it is not invisible, and Settles' unsupported assertions do not show that the putative class should be conditionally certified on the basis that GE discouraged its employees from recording overtime.

    **b. Settles' claim that DTT and GE's timekeeping resulted in uncompensated overtime**

7

Second, Settles alleges that by virtue of the DTT program and GE's timekeeping system, service technicians inevitably work off-the-clock without compensation. Settles claims that participation in the DTT program causes service technicians to perform the following tasks: unpacking the totes; logging and sorting the inventory; loading the inventory into their vans; disposing of the packaging for the inventory; and storing the inventory in their own homes. Settles claims that the hours worked on these tasks are often overtime, occur before or after clocking into GE's timekeeping system, and thus go uncompensated. As such, Settle seeks certification of a nationwide class of service technicians who performed such tasks.

While GE admits that most service technicians participate in the DTT shipping program, (Def.'s Sugg. in Opp., Doc. 19, p. 7), GE contests Settles' technical description of its timekeeping system. GE also argues that if the Court certifies a class, Settles has not provided evidence sufficient to certify a nationwide class.

As discussed above, to establish a claim for nationwide certification, Settles must provide evidence of a uniform, nationwide policy that violates provisions of the FLSA. The three affidavits upon which Settles relies are insufficient to meet that standard. First, Nollan-Donahue's statement that she was "aware of technicians keeping inventory at their homes" is vague, lacks detailed support beyond the averments in the Complaint, and is not based on personal experiences. (Nollan-Donahue Decl., Doc. 15-4, p. 3.) Unsupported assertions or those not based on personal knowledge will not show that the plaintiffs are similarly situated for conditional certification. *Adams*, 2012 U.S. Dist. LEXIS 98590 at *10-11. Second, the remaining affidavits only directly implicate the areas in which the declarants actually worked — Settles in Kansas City and Shepherd in Los Angeles. Even so, the affidavits do not directly implicate any particular GE managers or supervisors within those areas who allegedly knew

8

about or facilitated the illegal overtime practices. *See Garner*, 2004 WL 5455905 at *2-*3; *Jost*, 2009 WL 211943 at *4. For these reasons, Settles fails not only to establish that the employees were victims of a single nationwide decision, policy, or plan on the part of GE, but he also fails to establish that the employees were victims of a single decision, policy, or plan within the regions where the declarants worked. Therefore, the Court finds Settles has not established a colorable basis that the DTT program encouraged service technicians to perform necessary tasks without recording and receiving overtime compensation for purposes of conditional certification.

   **c. Settles' claim that GE did not compensate technicians for maintaining their company vehicles, their company computers, and software programs.**

Third, Settles alleges that in addition to making service calls, service technicians are responsible for maintenance of the GE-provided equipment, which Settles claims often occurs off-the-clock and are uncompensated. GE argues that these practices are authorized by the Portal-to-Portal Act, 29 U.S.C. § 254. However, whether this statute justifies GE's policies is not for the Court to assess during the conditional certification stage. *Fast*, 243 F.R.D. at 364.

Nonetheless, and as discussed above, the affidavits on which Settles relies do not directly implicate any particular GE managers or supervisors who allegedly knew about or facilitated the illegal overtime practices. *See Garner*, 2004 WL 5455905 at *2-*3; *Jost*, 2009 WL 211943 at *4. For these reasons, Settles fails not only to establish that the employees were victims of a single nationwide decision, policy, or plan on the part of GE, but he also fails to establish that the employees were victims of a single decision, policy, or plan within the regions where the declarants worked. Therefore, the Court finds Settles has not established a colorable basis that GE did not compensate technicians for overtime hours spent on maintaining their company vehicles, their company computers, and software programs.

   **d. Nationwide "Fast Track" Program**

9

In his Reply, Settles adds a claim that GE had a nationwide practice of failing to compensate technicians for commutes to or from work.  However, the basis for this claim appears to be information contained in GE's opposition to his motion for conditional certification.  Because the affidavits in support of his motion do not allege that the technicians were uncompensated for time spent commuting to or from work, the Court finds that there is not a sufficient basis for conditional certification of a class, nationwide or limited, on this practice. *See Adams*, 2012 U.S. Dist. LEXIS 98590 at *10-11.

### III.    Conclusion

Accordingly, it is hereby **ORDERED** that Plaintiff David Settles' Motion for Conditional Certification and Notification of All Putative Class Members, (Doc. 14), is **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATED:  February 19, 2013